[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON REQUEST BY DEFENDANT SHELL OIL TO FILE CROSS-CLAIM
Shell Oil Company, a defendant in the above-captioned wrongful death case, has moved for leave to file a cross-claim alleging that another defendant, Liberty Auto Electric Company, Inc. ("Liberty"), has a duty to indemnify it. Liberty has filed an objection, noting that it cannot complete pleadings and prepare for trial of such a claim before the date scheduled for trial, February 5, 2002.
This case has been pending since 1997. It was transferred to the complex litigation docket, and a trial management conference was conducted by the court on June 12, 2000. Shell Oil Company has been a defendant for the entire history of the case. Shell Oil Company participated in selecting February 5, 2002, as the trial date for the case and has been aware since June 12, 2000, that the case would be tried on that date. Nevertheless, Shell Oil Company did not seek leave to file a cross-claim against Liberty until August 3, 2001. It offers no reason for its delay but asserts that no prejudice will be caused to any party if it is permitted to commence its cross-claim for indemnification.
Liberty opposes the motion on the ground that it cannot complete its pleadings, conduct discovery, and prepare for trial of the proposed cross-claim by February 5, 2002. Liberty has submitted materials which indicate its intention to contest whether an indemnification agreement is enforceable or is precluded by certain statutes. The parties should have a full opportunity to brief and seek adjudication of those issues. It does not appear to the court that, in view of the likelihood of a motion to strike or for summary judgment, the claim that Shell Oil Company belatedly seeks to raise can be ready for trial by February 5, 2002.
A motion to expand the issues through the filing of new pleadings is addressed to the discretion of the court, which may be exercised to restrain the amendment of pleadings so far as necessary to prevent unreasonable delay of the trial. AirKaman, Inc. v. Groppo, 221 Conn. 751,766 (1992).
Shell Oil Company's inexplicably late decision to raise a claim that it could have raised at any time since 1997 is not a reason to delay the trial nor to require Liberty to engage in a hurried course of pleading and trial preparation. Though the movant correctly observes that judicial CT Page 11563 economy would have been served by trying the indemnification issue at the same time as the claims of the plaintiff, its own delay causes such efficiency to be impossible to achieve without imposing unfair and unjustified burdens on Liberty and on the plaintiff.
Conclusion
The motion is denied for the foregoing reasons.
Beverly J. Hodgson Judge of the Superior Court